## Plant *v.* Valley Coal Corporation, Appellant.

*Assumpsit—Assumpsit for coal sold and delivered—Coal sold subject to inspection—Contracts—Offer and acceptance—Evidence.*

In an action of assumpsit on an oral contract for the sale of coal, sold and delivered to defendant, the defense was that the coal was bought subject to inspection and rejection, at the point of destination by the defendant or his consignee, and that two of the cars were rejected by a purchaser from defendant's consignee. There was no evidence that the coal was inspected or rejected by either the defendant or his consignee, it appearing that the coal was rejected after delivery, by the purchaser from defendant's consignee.

Under such circumstances, the trial court properly excluded defendant's offer to prove that the purchaser rejected the coal because it was unmarketable.

When defendant's consignee sold the coal and caused it to be delivered to its purchaser, without any inspection or rejection having been made by it or by the defendant, there was an acceptance of the coal under the contract as alleged by the defendant, and the offer to prove an inspection and rejection of it by the purchaser from defendant's consignee, was wholly irrelevant.

Argued April 15, 1926. Appeal No. 9, April T., 1926, by defendant, from judgment of C. P. Jefferson County, August T., 1923, No. 104, in the case of George H. Plant v. Valley Coal Corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an oral contract for sale of coal. Before CORBET, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1436.95 and judgment thereon. Defendant appealed.

*Errors assigned* were to the various rulings on evidence.

*W. C. Pentz,* and with him *John J. Pentz and Ross H. Pentz,* for appellant.

*Raymond E. Brown,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1926:

This is an action of assumpsit to recover a balance claimed to be due on nine cars of coal sold and delivered by the plaintiff to the defendant under an oral contract. The plaintiff got a verdict and the defendant appeals from the judgment entered thereon.

The plaintiff was the owner and operator of a bituminous coal mine located about two and a half miles from the Borough of Brockwayville, Jefferson County. The defendant corporation was engaged in the business of buying and selling coal and had its principal office in the Borough of Brockwayville. The plaintiff delivered the coal involved in this suit to the defendant by loading it into railroad cars of the Erie Railroad Company at Furman's Siding, a point about two and a half miles from Brockwayville. He there reported the numbers and the names of the cars which he loaded to the office of the defendant, which then gave shipping directions to the railroad company, which delivered the coal to the defendant's consignees. The principal defense set up by the defendant in its affidavit of defense was that it bought the coal "subject to inspection and rejection at the point of destination"; that the coal was accepted by it at the point of shipment "with the distinct understanding and

agreement on the part of the plaintiff that said coal should be inspected by the purchaser at point of destination and subject to rejection by the purchaser''; and that the plaintiff agreed that the coal ''would pass inspection at point of destination by purchaser or consignee.'' Two of the cars of coal were sold and consigned by the defendant to its purchaser, the J. B. Burton Coal Company at Cohoes, New York. There is no evidence that the defendant or the J. B. Burton Coal Company made any inspection of, or undertook to reject, this coal when it arrived at Cohoes, New York. It is admitted that the latter company sold it at that point to the Cohoes Rolling Mill Company at Cohoes, New York, and that when the coal arrived in the yards of the latter company in the cars in which it was originally loaded, about six weeks after it was shipped from Brockwayville, that company notified the J. B. Burton Coal Company that the coal was dirty, unmarketable and useless and would not be accepted. Whereupon, the J. B. Burton Coal Company promptly notified the defendant of the rejection of the coal.

The principal complaint of the appellant is that the court below excluded its offer to prove by the depositions of three witnesses that the Cohoes Rolling Mill Company rejected the coal because it was full of slate, dirt and mine sweepings and worthless for any purpose. The evidence was excluded on the ground that neither the plaintiff nor the defendant had any relations with the Cohoes Rolling Mill Company, and that an inspection and rejection of the coal by the latter company did not amount to an inspection and rejection by the J. B. Burton Coal Company, defendant's consignee. It is contended that it is unimportant who inspected the coal so long as the inspection was made by competent persons at the place of destination, Cohoes, New York. We agree with the appellant that if the contract was that alleged by it, the proper place to inspect the coal was Cohoes, New York. The term

"place of destination" means the town, village or city to which the shipment is made: 18 Corpus Juris 974, and cases there cited. But we think that the inspection and rejection by the Cohoes Rolling Mill Company was not an inspection and rejection authorized by the contract alleged by the defendant. By the terms of the contract, it was the duty of the defendant or the J. B. Burton Coal Company to inspect the coal before accepting it. The depositions which were offered did not tend to show an inspection by either of them. When the J. B. Burton Coal Company sold the coal to the Cohoes Rolling Mill Company and caused it to be delivered in the yards of that company, without any inspection or rejection having been made by it or by the defendant, there was an acceptance of the coal under the contract as alleged by the defendant, and the offer to prove an inspection and rejection of it by the Cohoes Rolling Mill Company afterward was wholly irrelevant and therefore properly excluded.

The only other complaint urged upon us is that error was committed by the learned trial judge in permitting the plaintiff to introduce evidence of transactions which he had with a partnership known as the Valley Coal Company prior to the transaction in suit. The plaintiff's action was founded upon an oral contract made by him in the first instance with one Levinson, a member of that partnership. The allegation was that the partnership ratified Levinson's actions in its behalf and that the corporation took over the assets and business of the partnership and adopted the contract it had made with the plaintiff. To establish the defendant's contract with the plaintiff, it was necessary for the latter to show these facts. As the defendant admitted that it purchased and delivered the nine cars of coal in suit, we are convinced that even if the learned judge was too liberal in his allowance of the preliminary proofs complained of (which we do

not decide, however), no possible prejudice resulted to the defendant. The complaint is without merit.

All of the assignments of error are overruled and the judgment is affirmed.